Jeanne Sinnott, OSB No. 075151
Jeanne.sinnott@wildwoodlaw.com
Wildwood Law Group LLC
3519 NE 15th Avenue, #362
Portland, Oregon 97212
Telephone: (503) 564-3049

January Dragich, *pro hac vice pending*
jdragich@Dragichlaw.com
David Dragich, *pro hac vice pending*
ddragich@Dragichlaw.com
Eric Addy, *pro hac vice pending*
eaddy@dragichlaw.com
The Dragich Law Firm PLLC
17000 Kercheval, Suite 210
Grosse Pointe, Michigan 48230
Telephone: (313) 886-4550

    *Of Attorneys for Plaintiff*
    *AIPS Technology CO., LTD*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## AT PORTLAND

| | |
|---|---|
| AIPS TECHNOLOGY CO., LTD., a foreign limited company, <br><br>                 Plaintiff, <br> v. <br><br> STAGES CYCLING, LLC, an Oregon limited liability company, STAGES INDOOR HOME CYCLING, LLC, an Oregon limited liability company, STAGES INDOOR CYCLING, LLC, an Oregon limited liability company, and FOUNDATION FITNESS, LLC, an Oregon limited liability company, <br><br>                 Defendants. | Case No. <br><br> COMPLAINT <br><br> (Breach of Contract; Account Stated; Unjust Enrichment) <br><br> JURY TRIAL DEMANDED |

Plaintiff AIPS Technology Co., Ltd. ("Plaintiff" or "AIPS"), for its complaint against

Stages Cycling, LLC, Stages Indoor Home Cycling, LLC, Stages Indoor Cycling, LLC, and

Foundation Fitness, LLC (collectively, "Defendants" or "Stages"), states as follows:

## PARTIES

1. AIPS is a Taiwanese limited company with its principal place of business in Taichung City, Taiwan. AIPS is a subsidiary of Giant Manufacturing Co., Ltd., which is one of the largest bicycle and bicycle part manufacturers in the world.

2. Defendant Stages Cycling, LLC ("Stages Cycling") is an Oregon limited liability company with its registered agent and principal place of business in Portland, Oregon. Upon information and belief, Stages Cycling is a subsidiary of Foundation Fitness, LLC ("Foundation Fitness").

3. Defendant Stages Indoor Cycling, LLC ("Stages Indoor") is an Oregon limited liability company with its registered agent and principal place of business in Portland, Oregon. Upon information and belief, Stages Indoor is a subsidiary of Foundation Fitness.

4. Defendant Stages Indoor Home Cycling, LLC ("SIHC") is an Oregon limited liability company with its registered agent in Portland, Oregon, and its principal place of business in Vancouver, Washington.

5. Defendant Foundation Fitness is an Oregon limited liability company with its registered agent and principal place of business in Portland, Oregon.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity of citizenship between the parties.

7. Venue in this district is proper under 28 U.S.C. § 1391 because, among other things, Defendants' registered agents are located in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

8. Assignment to the Portland Division is proper under District of Oregon Local Rule 3-2 because a substantial part of the events giving rise to Plaintiff's claims occurred in this Division and because a substantial part of the property that is the subject of the action is situated in this Division.

## FACTUAL ALLEGATIONS

9. Plaintiff and Defendants entered into an agreement (the "Agreement") whereby Plaintiff agreed to sell to Defendants, and Defendants agreed to purchase from Plaintiff, certain indoor cycling bikes, indoor cycling bike parts, spare and accessory bike parts, and tooling (collectively, the "Goods").

10. The Agreement, which was negotiated by Plaintiff and Defendants Foundation Fitness and SIHC, is memorialized by various purchase orders (the "Purchase Orders") that were issued by Stages Cycling and Stages Indoor to Plaintiff. A representative subset of the Purchase Orders is attached hereto as **Exhibit 1**.

11. The Purchase Orders are for the purchase of a fixed quantity of goods.

12. Upon completion of the Goods, Plaintiff would send Defendants an invoice reflecting the amounts owed by Defendants to Plaintiff ("Invoice"). The Invoices are payable on a 90-days document against acceptance basis; meaning that Defendants were required to make payment to Plaintiff within 90 days of Defendants' acceptance of the Invoice and related shipping documents.

13. Plaintiff manufactured and shipped the Goods in accordance with the terms of the Purchase Orders and Invoices.

14. As of the date of this filing, 161 of Plaintiff's Invoices issued to Defendants remain unpaid and outstanding for payments due June 13, 2022 through January 5, 2024 (the "Unpaid Invoices"). A representative subset of the Unpaid Invoices is attached hereto as **Exhibit 2.**

15. The Unpaid Invoices reflect the amounts owed to Plaintiff for the Goods delivered pursuant to Purchase Orders issued by Stages Cycling and Stages Indoor. Further, Plaintiff incurred additional fees and expenses, including, but not limited to, storage fees, demurrage fees, and advanced shipping fees, resulting from Defendants' failure to comply with the terms of the Agreement (the "Additional Fees"). Accordingly, the Unpaid Invoices also reflect the amounts owed to Plaintiff for the Additional Fees incurred by Plaintiff from June 13, 2022 through January 5, 2024.

16. Defendants currently owe Plaintiff the amount of New Taiwan Dollar ("TWD") 454,328,667.00, which is approximately $14,157,951.60 USD, for the Goods delivered by Plaintiff and the Additional Fees incurred by Plaintiff. A true and correct copy of a statement of account on the Unpaid Invoices is attached hereto as **Exhibit 3**.

17. In addition to the existing Unpaid Invoices, there are outstanding orders from Defendants that Plaintiff has completed that will become due and owing, amounting to approximately TWD 221,000,000 ("Outstanding Orders").

18. Plaintiff continues to maintain and store the Goods for the Outstanding Orders and continues to incur Additional Fees.

19. On July 5, 2023 and on January 22, 2024, Plaintiff sent correspondence to Defendants, notifying Defendants of their default and demanding full payment under the Agreement for the Unpaid Invoices. Plaintiff further reserved its rights to seek payment for all Outstanding Orders and Additional Fees if Defendants fail to pay the remaining Invoices when they become due. Defendants have not complied with Plaintiff's demand for payment.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

20. Plaintiff realleges and incorporates by reference the allegations asserted in paragraphs 1 through 19 above as if fully set forth herein.

21. The Agreement between Plaintiff and Defendants is a valid and enforceable

contract for the sale of goods.

22. Plaintiff fully performed its obligations to Defendants under their contractual relationship, including without limitation, the timely shipment of the Goods ordered by Defendants.

23. Defendants have breached the Agreement by failing and refusing to pay Plaintiff the amounts due and owing to Plaintiff under the Unpaid Invoices.

24. Defendants' failure and refusal to pay Plaintiff has caused, and will continue to cause, Plaintiff damage.

25. Defendants' refusal to comply with the terms of the Agreement has also caused Plaintiff to incur the Additional Expenses, further damaging Plaintiff.

26. Plaintiff is entitled to judgment against Defendants for Defendants' breach of contract in an amount of at least TWD 454,328,667.00, which is approximately $14,157,951.60 USD, to be determined at trial, plus costs, pre-judgment interest of nine percent (9%) under ORS 82.010, and post-judgment interest at the maximum rate allowed by law.

**SECOND CLAIM FOR RELIEF**
**(Action for Account Stated)**

27. Plaintiff realleges and incorporates by reference the allegations asserted in paragraphs 1 through 26 above as if fully set forth herein.

28. Defendants are indebted to Plaintiff in the amount of TWD 454,328,667.00, which is approximately $14,157,951.60 USD, for the balance of an account for the Goods sold to Defendants and for the Additional Fees incurred by Plaintiff between June 13, 2022 and January 5, 2024.

29. Pursuant to the correspondence sent to Defendants by Plaintiff on January 22, 2024, an account was stated between Plaintiff and Defendants, and upon such statement of account Defendants were indebted to Plaintiff in the amount of TWD 454,328,667.00, which is approximately $14,157,951.60 USD.

WILDWOOD LAW GROUP LLC
T: 503.564.3049 | F: 971.347.1425
3519 NE 15TH AVE #362
PORTLAND, OREGON 97212

30. Defendants purchased the Goods on an account. Defendants agreed to pay for the Goods but have not paid for the Goods sold to Defendants.

31. A true and correct copy of a statement of account between Defendants and Plaintiff is attached hereto as **Exhibit 3** and represents a true and accurate description of the amounts due and owing by Defendants to Plaintiff.

32. Plaintiff is entitled to judgment against Defendants for Defendants' money due and owing on their account with Plaintiff in an amount of at least TWD 454,328,667.00, which is approximately $14,157,951.60 USD, to be determined at trial, plus costs, pre-judgment interest of nine percent (9%) under ORS 82.010, and post-judgment interest at the maximum rate allowed by law.

## THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

33. Plaintiff realleges and incorporates by reference the allegations asserted in paragraphs 1 through 32 above as if fully set forth herein.

34. To the extent Defendants would deny the existence or enforceability of an express or implied contractual relationship with Plaintiff, Plaintiff brings an alternative claim of unjust enrichment.

35. Defendants received a benefit from the Goods provided by Plaintiff to Defendants.

36. Defendants also received a benefit from Plaintiff's payment of the Additional Fees that Plaintiff was forced to incur as a result of Defendants' failure to pay for the Goods delivered.

37. Defendants know that they received a benefit from the Goods provided by Plaintiff to Defendants and from Plaintiff's payment of the Additional Fees.

38. Defendants have not paid Plaintiff for the benefit Plaintiff conferred to Defendants.

39. Defendants have retained the benefit Plaintiff conferred to Defendants without paying for the benefit.

40. An inequity resulted to Plaintiff because Defendants retained the benefit Plaintiff conferred to Defendants without paying for the benefit.

41. It would be unjust for Defendants to retain the benefit without paying Plaintiff.

42. Plaintiff is entitled to judgment against Defendants for Defendants' unjust enrichment in an amount of at least TWD 454,328,667.00, which is approximately $14,157,951.60 USD, to be determined at trial, plus costs, pre-judgment interest of nine percent (9%) under ORS 82.010, and post-judgment interest at the maximum rate allowed by law.

WHEREFORE, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendants in an amount of at least TWD 454,328,667.00, which is approximately $14,157,951.60 USD, to be determined at trial, plus costs, pre-judgment interest of nine percent (9%) under ORS 82.010, post-judgment interest at the maximum rate allowed by law, and award all other relief that this Court deems just and proper.

DATED this 12th day of February, 2024.

WILDWOOD LAW GROUP LLC

By   /s/ *Jeanne Sinnott*
Jeanne Sinnott, OSB No. 075151
Jeanne.sinnott@wildwoodlaw.com
3519 NE 15th Avenue, #362, Portland, Oregon 97212
Telephone: (503) 564-3049
Fax: (971) 347-1425

*Of Attorneys for Plaintiff AIPS Technology CO., LTD*